KENNEY *v.* OCEAN STEAM-SHIP CO. OF SAVANNAH.

*(Supreme Court, General Term, First Department.* October 24, 1890.)

APPEAL—REVIEW—VERDICT OF JURY.

In an action for personal injuries to plaintiff, alleged to have been caused by negligence of defendant's servants, the only evidence on plaintiff's part as to the circumstances under which he was injured was his own testimony, which, in all the material points, was contradictory, and was also contradicted by perfectly credible testimony. It also appeared that, as a result of the injuries, his memory had been affected. *Held,* that his testimony was too unreliable to sustain a verdict in his favor.

Appeal from circuit court, New York county.

Action by Patrick Kenney against the Ocean Steam-Ship Company of Savannah to recover damages for personal injuries received while upon one of defendant's steam-ships, by reason, as he alleged, of negligence of defendant's servants. Plaintiff was in the employ of the Morgan Iron-Works, and, in the course of his employment, had been engaged, previous to the injury, in making repairs on the boiler of defendant's steamship. While such repairs were being made, a quantity of wood, in sticks, was thrown into the engine-room of the steam-ship through the ventilator thereof, which was commonly used for that purpose; and defendant alleged that proper warning was given to plaintiff and other workmen to keep away and avoid being or passing near or under the ventilator; but plaintiff, while passing under it, was struck in the head by a piece of wood then being thrown into the engine-room, and thereby received severe injuries, for which this action was brought. Plaintiff was the only witness on his own part as to what occurred at the time of the accident. Others testified on his behalf, as to the extent of the injuries, that he seemed completely broken down, and was very weak, and much affected in his mind since the accident. The jury found a verdict for plaintiff for $2,500. A motion by defendant for a new trial was denied, and judgment for plaintiff entered on the verdict. From the judgment and the order denying its motion for a new trial defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Nathan Bijur,* for appellant. *Weekes & Foster,* for respondent.

VAN BRUNT, P. J. Much as the court may sympathize with the plaintiff because of the injuries which he has received by the unfortunate accident, which forms the subject-matter of this action, we cannot see from the evidence in the case that he has either established the negligence of the defendant or freed himself from contributory negligence. It is evident from a reading of the testimony of the plaintiff that but little reliance can be placed thereon; as in all the material points of the case he not only contradicts himself, but he is also contradicted by perfectly credible testimony. He says in one place that he was working upon the boiler at the time of the accident; in another that he had quit work. But the evidence conclusively shows that he had been through work for a considerable period of time before the happening of the accident. In one place he states that no wood had been thrown down the ventilator during that day, and that he supposed all the wood had been taken in; and in another he says, "Of course, I knew wood was going down." In reference to the signal being given he says he was working upon the boiler, and did not hear any signal, while, as already said, the evidence is that he had not been working upon the boiler for some time, and that the signal was given, and that wood had been previously thrown down there, and was lying there at the time of the happening of the accident. We do not see, under such circumstances, how it is possible to allow the verdict of the jury to stand. Upon this condition of the evidence the court should have directed a verdict in favor of the defendants at the close of the case; as where it is apparent that the testimony of a witness is

utterly unreliable, a verdict should not be allowed to be based thereon. In stating in this case that the testimony of the plaintiff was utterly unreliable, we do not intend to cast any reflection whatever upon his honesty. His memory had undoubtedly been affected as one of the results arising from the accident, and we think that the verdict of the jury shows that they did not believe either that the defendant was guilty of negligence or that the plaintiff had shown himself free from contributory negligence, or they would have rendered a larger verdict, considering the evidence in respect to the injuries which this plaintiff had received. Upon the whole case, therefore, we are of the opinion that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide event.

BRADY, J., concurs in the result.

DANIELS, J., concurs.