REISS v. JOLINE et al.

(Supreme Court, Appellate Term. November 22, 1910.)

1. CARRIERS (§ 318*)—INJURIES TO PASSENGER—EVIDENCE.

In an action against a street railway company, on the first trial plaintiff testified that her injury occurred through the sudden stopping of the car, and that there was a car waiting to which she wanted to transfer, and on the second trial she contradicted herself, and testified that it occurred through the sudden starting of the car, and that no other car was waiting. At both trials the pleadings were amended, as to the cause of her fall, to conform to her testimony. There was no corroborating evidence on her side, while defendant's version of the accident was confirmed by two disinterested witnesses. *Held*, that a judgment for plaintiff was contrary to the evidence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

2. NEW TRIAL (§ 81*)—OBJECTION AT TRIAL—NECESSITY.

Defendant may move to set aside the verdict as contrary to the evidence, although it did not move to dismiss the complaint at the end of plaintiff's case.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 131; Dec. Dig. § 81.*]

Appeal from City Court of New York, Trial Term.

Action by Bertha Reiss against Adrian H. Joline and Douglas Robinson, receivers of the New York City Railway Company. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Masten & Nichols (Bayard H. Ames and Walter Henry Wood, of counsel), for appellants.

Simeon Goodelman, for respondent.

BIJUR, J. This action was brought to recover damages for personal injuries sustained by plaintiff in alighting from a south-bound Eighth Avenue car when she was about to transfer to an east-bound Eighty-Sixth Street car. The car was an open one.

On the first trial, plaintiff testified that she was thrown while stand-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing on the running board by the sudden stopping of the car, and that she saw the Eighty-Sixth Street car waiting at the corner. At the second trial, she claimed that she was thrown by the sudden starting of the Eighth Avenue car, after she had partly alighted, and that the Eighty-Sixth Street car was not at that time in sight. At the time of the first trial, her complaint read that she was injured by the sudden starting of the car, which she was allowed to amend to read "sudden stopping."

Her complaint on the second trial thus read that she was injured by the sudden stopping of the car, but at the close of that trial her counsel was allowed to "amend back" by pleading the sudden starting of the car. Her only explanation of the divergence in her testimony at the first and second trials was that it was a mistake. That explanation, however, is not satisfactory, particularly in the light of her changed testimony in regard to the Eighty-Sixth Street car, the presence of which, as testified to by her at the first trial, but denied on the second trial, would have furnished a motive for haste on her part in alighting before the car had stopped.

Ordinarily an appellate court will be reluctant to reverse a judgment merely on the weight of evidence. In this case, however, the plaintiff, by her contradictory testimony on two trials, and the vacillation of her counsel in regard to the pleadings, indicates that she herself is in great doubt *as to the vital point in the case,* namely, whether the accident occurred through the sudden stopping or the sudden starting of the car. These two incidents are plainly separable, and must have been entirely distinct in her memory, if her memory was unimpaired, or if she had sought to be accurate and truthful. Assuming even the former contingency as the more charitable view, the court will not hesitate to see to it that the defendant is not mulcted in damages by a verdict which must necessarily have been affected by sympathy, rather than based upon testimony upon which a conclusion of negligence and corresponding liability can properly have been predicated. See Kenny v. Ocean Steamship Co., 11 N. Y. Supp. 412.[1] It is scarcely necessary to argue at length that there is a vital and salient difference, as a matter of fact, between all the circumstances attending an injury caused by the sudden starting of the car and one caused by its sudden stoppage.

In view of these salient inconsistencies in plaintiff's testimony, and the fact that she was uncorroborated, while the defendant's version of the accident was cofirmed by two disinterested witnesses, I find that the verdict must be set aside as contrary to the evidence.

Plaintiff's contention that, because defendant did not move to dismiss the complaint at the close of all the evidence, it is precluded from moving to set aside the verdict as contrary to the evidence, is without foundation. MacDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 58 Hun.