## MARKOWITZ v. EMPIRE CITY IRON WORKS.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

MASTER AND SERVANT (§ 276*)—ACTION FOR INJURIES—EVIDENCE.

In an action under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) for personal injuries while at work in defendant's plant, where it was impossible to understand from the record how plaintiff claimed that the accident occurred, a judgment in his favor will be reversed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. § 276.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Max Markowitz against the Empire City Iron Works. From a judgment in favor of plaintiff, after a trial before a judge without a jury, defendant appeals. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Walter G. Evans, of New York City (O. M. Quackenbush, of counsel), for appellant.

Schwartz & Taubenfeld, of New York City (Abraham M. Schwartz, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued under the Employers' Liability Act for personal injuries received while at work in defendant's plant sawing a large angle iron. Neither from the record nor from the brief of respondent's counsel am I able to ascertain what respondent's theory is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as to the negligence alleged. The notices served under the act are too vague to be taken into serious consideration; but that seems to be of little importance, since apparently respondent contends that the employer failed to furnish plaintiff with a reasonably safe place in which to work, safe appliances, and sufficient help, all of which might apparently, under the circumstances of this case, warrant a recovery at common law.

The judgment must, however, be reversed, because from the record it is not possible to understand how plaintiff claims that the accident occurred. At one point he says that "they put me on the two horses." At another point he says he was standing on the floor. Later he says, "I was going along, and that horse was shaking on one side," and that he was being helped by two men; but again he says that previous to the accident he was being helped by only one man. Further on he testified that the angle iron which he was sawing was resting on two horses, and "I was bending down on one side, and the horses was broke at that time, and I was knocked down at the angle iron." Asked by the court which horse broke, he answered; "Not broke, your honor; just shaking on the side." He also speaks of the saw he was holding as having broken. It is not possible to determine from the record whether one of the horses broke, or merely fell down, or only bent down, and whether this occurrence was due to any defect in the horses, or the manner in which the plaintiff worked or was required to work or the absence of help, or whether the plaintiff was injured by striking the angle iron, or being hurt by his saw, or merely by a fall, and, if the latter, what it was that caused him to fall. No liability chargeable to the defendant can be predicated upon such a record, and, whatever sympathy may be felt for the plaintiff by reason of the slight injury which he suffered, no basis for any obligation on the part of the defendant to compensate him therefor has been laid by the evidence. Kenney v. Ocean S. S. Co., 58 Hun, 603, 1 N. Y. Supp. 412.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.